# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | Case No: 04 CR 784-2 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| Felipe Padilla | ) | |

## ORDER

Defendant's motion for sentence reduction [288] is denied. All pending motions, if any, are stricken as moot.

## STATEMENT

This matter is before the court on Defendant Felipe Padilla's (Padilla) motion for a sentence reduction. Padilla seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" can seek a reduction in his term of imprisonment after the term has been imposed by the court "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

On December 7, 2006, Padilla was sentenced to 327 months of imprisonment. Padilla appealed his sentence and on March 31, 2008, the Seventh Circuit remanded the action for re-sentencing in light of the recent ruling at that point in *Kimbrough v. United States*, 552 U.S. 85 (2007). On March 25, 2009, Padilla was re-sentenced to 327 months of imprisonment. On August 19, 2010, the Seventh Circuit affirmed Padilla's sentence. Effective November 1, 2014, the Sentencing Commission promulgated a retroactive amendment to the guidelines that lowered the base offense level two levels for certain narcotics offenses. (2014 Amendment). Padilla requests that his sentence be reduced based upon the 2014 Amendment. Section 1B1.10 provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2)." U.S.S.G. § 1B1.10(b).

On March 25, 2009, the court found that Padilla's total offense level was 27 and his criminal history category was VI, which resulted in a guidelines range of 130 to 162 months. However, Padilla was subject to a statutory mandatory minimum sentence of 240 months, which made Padilla's restricted guidelines range 240 months. Regardless of any

reduction in the base level based upon the 2014 Amendment, Padilla's statutory minimum sentence remains at 240 months, and Padilla's restricted guidelines range is 240 months. Padilla's restricted guidelines range thus has not been altered by the 2014 Amendment and is the same as it was at the March 25, 2009 sentencing for Padilla. Therefore, a sentence reduction under Section 1B1.10 and 18 U.S.C. § 3582(c)(2) is not applicable in Padilla's case, and Padilla's motion for a sentence reduction is denied.

Padilla also briefly argues that he is entitled to a reduction in his sentence based on a 2011 amendment to the sentencing guidelines. Such argument was previously considered and the court has already denied Padilla's initial motion and motion for reconsideration in that regard on November 25, 2013 and May 21, 2014 respectively, and for the same reasons his latest argument is without merit.

Date:   6/19/15

_____
Samuel Der-Yeghiayan
United States District Court Judge